IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| C.R.K., *an infant, by and through her natural Guardian and next friend,* A.L.K., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 6:22-cv-06138-MDH ) |
| SPRINGFIELD R-XII SCHOOL DISTRICT, *a political subdivision of the State of Missouri d/b/a Springfield Public Schools,* ANDRE ILLIG, *in his individual and official capacities,* and SARAH ODOM, *in her individual and official capacities,* | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant School District of Springfield R-12's Motion to dismiss Counts I, II and III. (Doc. 12). The motion is ripe for review and for the reasons set forth herein the motion is denied.

## BACKGROUND

Plaintiff C.R.K. ("Plaintiff") was a student at Cherokee Middle School, part of Defendant Springfield R-XII School District ("SPS"). Defendant Illig was the principal at the middle school and Odom was the assistant principal.[1] Plaintiff alleges during the 2020-2021 school year she was subjected to racially discriminatory statements by other students and other actions based on her race. Plaintiff alleges because of these actions and conduct she wanted to utilize virtual learning. Plaintiff claims Defendants denied the request and required Plaintiff to use the homebound

---

[1] Illig and Odom filed a separate motion to dismiss. (Doc. 14).

1

learning program. Plaintiff believes the homebound learning program was inadequate compared to the instruction other students received in person and through the virtual program.

Plaintiff filed a charge of discrimination on September 28, 2021, alleging race discrimination and retaliation pursuant to the Missouri Human Rights Act, RSMo. 213.010 *et seq*. The Missouri Commission on Human Rights ("MCHR") composed a Notice of Right to Sue on April 1, 2022 ("April RTS"). On that same date, the MCHR emailed the Right to Sue Letter to counsel for Defendant District and counsel for Plaintiff. However, due to an MCHR administrative error, the April RTS was emailed to an incorrect email address and was not received by Plaintiff or Plaintiff's counsel. The April RTS was not sent via regular mail. As a result, neither Plaintiff's counsel nor Plaintiff received the April RTS at the time it was issued.

On September 19, 2022, Plaintiff's counsel emailed the MCHR to inquire about the right to sue letter. In response, the MCHR provided a copy of the April 1, 2022 RTS. On October 11, 2022, Plaintiff's counsel sent a letter to the MCHR asking it to rescind the April 1, 2022 RTS because it was not timely received when it was initially issued. Plaintiff's counsel asked the MCHR to reissue a new right to sue. On October 11, 2022, the MCHR issued a second right to sue. Plaintiff filed suit on December 16, 2022.

Defendant moves to dismiss Plaintiffs' claims arguing the claims are time-barred and barred for failure to exhaust the MHRA's administrative remedies. Specifically, Defendant contends the lawsuit was not filed within 90 days of April 1, 2022 and the MCHR lacked the authority or jurisdiction to issue the second right to sue letter on October 11, 2022.

**STANDARD**

To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face,' meaning that the 'plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.' See *Ashcroft v. Iqbal*, 556 U.S. 662,678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ash v. Anderson Merchandisers*, LLC, 799 F.3d 957, 960 (8th Cir. 2015) (internal quotations and citation omitted).

Under Rule 12(b)(1), Defendant also seeks to dismiss Counts I, II, and III of Plaintiff's Complaint for failure to appropriately exhaust her administrative remedies. Defendant states, exhaustion of administrative remedies under the MHRA is an issue of subject matter jurisdiction. Citing *Green v. City of St. Louis*, 870 S.W.2d 794, 796 (Mo. banc 1994); also see *Tapp v. St. Louis University*, 78 F. Supp. 2d 1002, 1011 (E.D. Mo. 2000) ("unlike the exhaustion requirements for Title VII, the exhaustion requirement for the MHRA is jurisdictional"). In this regard, "[t]he standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." *Gist v. Centene Mgt. Co., LLC*, 2021 WL 3487096 (E.D. Mo. 2021).

**DISCUSSION**

As set forth in Defendant's brief, to file suit under the MHRA a complainant must first exhaust the MHRA's administrative remedies. See generally RSMo. § §213.010 *et seq.*; *State ex rel. Martin-Erb v. Mo. Comm'n Human Rights*, 77 S.W. 3d 600, 603-04 (Mo. Banc 2002). A party cannot bring a lawsuit under the MHRA before receiving a Right to Sue Letter against the respondent named in the charge of discrimination. RSMo. § 213.111.1; and *Public Sch. Ret. Sys. of Sch. Dist. of Kan. City v. Mo. Comm'n on Human Rights*, 188 S.W. 3d 35, 43-44 (Mo. App. 2006). Once the MCHR issues the Right to Sue Letter, the complaining party must file a civil

3

action based on the allegations in the charge within 90 days of the date of the letter. RSMo. § 213.111.1; and *Martin-Erb, supra*, 77 S.W.3d at 603-04.

First, Defendant argues that Plaintiff's Complaint is untimely because it was filed on December 16, 2022 – more than 90 days from the date of the original April RTS. However, it is undisputed that the MCHR failed to email, or mail, the April RTS to Plaintiff at the time it was issued. In fact, it was not until September, when Plaintiff's counsel inquired regarding the status of the right to sue letter, that the MCHR sent the April RTS to Plaintiff. As a result, Plaintiff first received the April RTS on September 19, 2022. Plaintiff's lawsuit was filed on December 16, 2022 - 88 days after she first received the April RTS in September. Plaintiff argues this alone makes the lawsuit timely.

Defendant contends the deadline to file suit should be calculated from the date the right to sue was issued, April 1, 2022, and not the date when Plaintiff actually received it. Defendant argues the fact the MCHR was at fault does not excuse this deadline. Citing *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 139 (Mo. Ct. App. 2003). In *Hammond*, the Missouri Court of Appeals held that any suit filed pursuant to the MHRA beyond ninety days from the date of the right to sue letter is not timely. *Id.* However, Plaintiff argues this case is distinguishable. In *Hammond*, the Plaintiff received the right to sue letter and failed to file suit within 90 days of the date of the letter. It is undisputed the MCHR is directed to notify the parties by mail, digital transmission, facsimile, or personal service of the commission's decision. In this case the MCHR failed to do so. As a result, the Court finds because the MCHR failed to provide Plaintiff with the April RTS at the time it was originally issued Plaintiff cannot be held to the date the right to sue letter was issued. The Court finds Plaintiff timely filed the lawsuit within 90 days of receipt of

4

the April RTS, when here the MCHR did not send the letter to Plaintiff until September. The Court finds the facts in this case are unique and distinguishable from *Hammond*.

Plaintiff argues if the Court does not find the lawsuit was timely from the receipt of the letter then the Court should equitably toll the deadline as a result of the MCHR's mistake. The MHRA's statute of limitations in RSMo. § 213.111.1 is subject to equitable tolling. See *J.B. v. Maximus Fed. Servs.*, Inc., No. 4:22-CV-00554-RK, 2022 WL 16951667, at *3 (W.D. Mo. Nov. 15, 2022) (citing *Rowe v. Hussmann Corp.*, 381 F.3d 775, 782 (8th Cir. 2004); *Bozue v. Mut. of Omaha Ins. Co.*, 536 F. Supp. 3d 438, 449 (E.D. Mo. 2021)). "As a general rule, equitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff.'" *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797–98 (8th Cir. 1998) (quoting *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989)).

Here, again it is undisputed that the MCHR failed to timely send the April RTS to Plaintiff or Plaintiff's counsel and that the delay was neither Plaintiff nor Plaintiff's counsel's fault. Plaintiff timely filed her lawsuit within 90 days of receiving the April RTS and the Court finds Plaintiff's lawsuit would also be timely when here the circumstances were truly beyond Plaintiff's control.

Finally, on October 11, 2022, Plaintiff's counsel sent a letter to the MCHR requesting that the April RTS be rescinded and a new one be issued because of the MCHR's error. On October 11, 2022, the MCHR reissued a Notice of Right Sue dated October 11, 2022. Plaintiff also filed the lawsuit within 90 days of this right to sue. Defendant argues the MCHR did not have authority to reissue this second right to sue. However, the Court does not find it necessary to analyze this argument as the Court finds that Plaintiff timely filed the lawsuit after receiving a right to sue letter.

5

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 13, 2023

                                                    */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **UNITED STATES DISTRICT JUDGE**