IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| C.R.K., *an infant, by and through her natural Guardian and next friend*, A.L.K., | ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | Case No. 6:22-cv-06138-MDH |
| SPRINGFIELD R-XII SCHOOL DISTRICT, *a political subdivision of the State of Missouri d/b/a Springfield Public Schools,* ANDRE ILLIG, *in his individual and official capacities,* and SARAH ODOM, *in her individual and official capacities,* | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is defendants Illig and Odom's Motion to Dismiss Counts I, II, and III of Plaintiff's Complaint. (Doc. 14). The motion is ripe for review.

## BACKGROUND

Plaintiff C.R.K. ("Plaintiff") was a student at Cherokee Middle School, part of Defendant Springfield R-XII School District ("SPS"). Defendant Illig was the principal at the middle school and Odom was the assistant principal. Plaintiff alleges during the 2020-2021 school year she was subjected to racially discriminatory statements by other students and other actions based on her race. Plaintiff alleges because of these actions and conduct Plaintiff wanted to be allowed to utilize virtual learning. Plaintiff claims Defendants denied this request and required Plaintiff to use the homebound learning program. Plaintiff believes the homebound learning program was inadequate compared to the instruction other students received in person and through the virtual program.

1

Plaintiff filed a charge of discrimination on September 28, 2021, alleging race discrimination and retaliation pursuant to the Missouri Human Rights Act, RSMo. 213.010 *et seq*. The Missouri Commission on Human Rights ("MCHR") composed a Notice of Right to Sue on April 1, 2022 ("April RTS") but did not provide it to Plaintiff or her counsel until September 19, 2022. At the request of Plaintiff's counsel, the MCHR issued a new Notice of Right to Sue on October 11, 2022 ("October RTS"). Plaintiff filed suit against SPS, Illig, and Odom on December 16, 2022.

Defendants Illig and Odom move to dismiss Plaintiff's claims arguing that the MHRA does not contemplate individual liability for claims of discrimination in public accommodation or retaliation, and that even if it does that Plaintiff's MHRA claims fail because Plaintiff did not exhaust her administrative remedies with regard to Illig and Odom.

## STANDARD

To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face,' meaning that the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' See *Ashcroft v. Iqbal*, 556 U.S. 662,678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ash v. Anderson Merchandisers*, LLC, 799 F.3d 957, 960 (8th Cir. 2015) (internal quotations and citation omitted).

Under Rule 12(b)(1), Defendant also seeks to dismiss Counts I, II, and III of Plaintiff's Complaint for failure to appropriately exhaust her administrative remedies. Defendant states, exhaustion of administrative remedies under the MHRA is an issue of subject matter jurisdiction.

2

Citing *Green v. City of St. Louis*, 870 S.W.2d 794, 796 (Mo. banc 1994); also see *Tapp v. St. Louis University*, 78 F. Supp. 2d 1002, 1011 (E.D. Mo. 2000) ("unlike the exhaustion requirements for Title VII, the exhaustion requirement for the MHRA is jurisdictional"). In this regard, "[t]he standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." *Gist v. Centene Mgt. Co., LLC*, 2021 WL 3487096 (E.D. Mo. 2021).

## DISCUSSION

Defendant Illig was the principal at Cherokee Middle School and Odom was the assistant principal. Defendants first argue that Plaintiff cannot maintain MHRA public accommodation violation claims against Illig or Odom as they, as individuals, are not places or businesses, or public facilities owned, operated, or managed by or on behalf of the State of Missouri or its agencies or subdivisions.

The MHRA was amended in 2017, with an effective date of August 28, 2017. The MHRA provides that "[a]ll persons within the jurisdiction of the state of Missouri…shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation, as hereinafter defined, without discrimination or segregation because of race…" RSMo. § 213.065.1. In this regard, it prohibits discrimination in public accommodations. Specifically, "[i]t is an unlawful discriminatory practice for any person, directly or indirectly, to refuse, withhold from or deny any other person…any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, as defined in section 213.010 and this section, or to segregate or discriminate…in the use thereof because of race…" RSMo. § 213.065.2.

It is also "an unlawful discriminatory practice for an employer, employment agency, labor organization, or place of public accommodation:…[t]o retaliate…because such person has

3

opposed any practice prohibited by this chapter…" RSMo. § 213.070.1(2). With reference to these prohibitions, the MHRA defines "[p]laces of public accommodation" as "all places or businesses offering or holding out to the general public, goods, services, privileges, facilities, advantages or accommodations for the peace, comfort, health, welfare and safety of the general public or such public places providing food, shelter, recreation and amusement, including, but not limited to:…Any public facility owned, operated, or managed by or on behalf of this state or any agency or subdivision thereof, or any public corporation; and any such facility supported in whole or in part by public funds…" RSMo. § 213.010(16)(e).

Plaintiff agrees that the 2017 amendments removed a provision stating that "Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing … which shall state the name and address of *the person* alleged to have committed the unlawful discriminatory practice" and replaced it with

> … any person claiming to be aggrieved by an unlawful discriminatory practice shall make, sign and file with the commission a verified complaint in writing … which shall state the name and address of *the employer, employment agency, labor organization, or place of public accommodation* alleged to have committed the unlawful discriminatory practice …

Compare RSMo. § 213.075.1 (2016) with RSMo. § 213.075.1 (Supp. 2018) (emphasis provided in both). Plaintiff argues the 2017 amendments were principally targeted at removing individual liability in employment discrimination claims. Plaintiff states, for example, the prior version includes in its definition of an "employer" without any other applicable limitation, "any person employing six or more persons within the state, and any person directly acting in the interest of an employer." The amended version removes the language about a "person directly acting in the interest of an employer" and adds an exemption from the definition, "An individual employed by an employer." Compare RSMo. § 213.010(7) (2016) with RSMo. § 213.010(8)(c) (Supp. 2018).

4

Plaintiff then states RSMo. § 213.065 (public accommodation claim) was also amended to change the causation standard from "on the grounds of" to "because of." The language of § 213.065.2 still states

> It is an unlawful discriminatory practice for *any person*, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation …(*emphasis provided*).

The definition of "person" remained the same. Compare RSMo. § 213.010(14) (2016) with RSMo. § 213.010(15) (Supp. 2018).

Defendants rely on *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, in support of their argument that the MHRA does not count individuals as respondents in public accommodation discrimination claims. The Missouri Supreme Court in *R.M.A.* stated:

> Section 213.065.2 provides: "It is an unlawful discriminatory practice for ***any person***, directly or indirectly, to refuse, withhold from or deny any other person ... any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation ... on the grounds of ... sex." [Emphasis added.] The definition of the term "person," as used in chapter 213, is set forth in section 213.010(14), which provides a person "includes one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons." (***emphasis in original***).

*R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 429 (Mo. 2019) (finding the state and its subdivision – including the school district and school board were persons under the statute). The Court further found Defendants' argument that section 213.010(14) does not specifically list "school district," "school board," or, more generally, a "subdivision" of the state, and therefore that neither of them is a "person" as defined in section 213.010(14) and used in section 213.065.10 was unpersuasive. *Id.* "This argument fails because the definition of "person"

5

in section 213.010(14) expressly states that it "includes" the individuals and entities listed therein, not that it is limited to them." *Id.*

Here, the Court finds Plaintiff's claims for discrimination against the two administrators pleads a cause of action to survive a motion to dismiss. For the reasons set forth herein, Defendants' motion is denied.

In addition, Defendants argue Plaintiff has failed to exhaust her claims against them. A review of Plaintiff's Complaint of Discrimination reflects on the first page (Doc. 1-2) that Plaintiff included "Springfield R-XII a.k.a Springfield Public Schools" in the box that states "indicate who you wish to file your complaint against." There is one line where the form has a place for "name." The form has an additional box that states: "The particulars are (if additional space is needed attach extra sheet(s))." Plaintiff typed "See Attached" in this box. Plaintiff's attachment then states Plaintiff… "brings this Charge of Discrimination … against Respondents Springfield R-XII a/k/a Springfield Public Schools, Andre Illig, and Sarah Odom." (Doc. 1-2). The form further states Respondents Illig and Odom are agents and employees of Springfield R-XII and refers to the Respondents Illig and Odom multiple times through the description of the claim.

Defendants argue because Plaintiff did not state Illig or Odom under the "Business/Entity Name" portion on the first page of her "Intake Questionnaire" she has failed to exhaust her claim. Defendants argue this "is confirmed" by the fact that on April 1, 2022, the MCHR issued to Plaintiff a Notice of Right to Sue solely against Defendant District. However, Plaintiff's attachment to her form clearly indicates that allegations were made against, and included,

6

"respondents" Illig and Odom.[1]  The Court finds Plaintiff exhausted the claims against Illig and Odom by including them in her Charge of Discrimination.

## CONCLUSION

For the reasons set forth herein, the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED.**

DATED:  June 13, 2023

                                             _/s/ Douglas Harpool_
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**

---

[1] The Missouri Supreme Court has indicated that it takes a liberal approach to the fulfillment of procedural requirements under the MHRA. See *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 670 (Mo. banc 2009) (where the Court noted the importance of "…the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance."). Further, "exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009).